**Joe Clark MITCHELL, Petitioner–Appellee,**

v.

**John REES, Warden, Respondent–Appellant.**

No. 99–5838.

United States Court of Appeals, Sixth Circuit.

Jan. 28, 2002.

Before KRUPANSKY, BOGGS, and BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

Respondent–Warden John Rees brings this appeal from the order of the district court granting Petitioner Mitchell's petition for a writ of habeas corpus. This is the second time this case has been before us. We now reverse the judgment of the district court.

In *Mitchell v. Rees* ("*Mitchell I*"),[1] 114 F.3d 571 (6th Cir.1997), we held that the district court had erred in holding an evidentiary hearing on Mitchell's *Batson*[2] claim without requiring Mitchell to demonstrate cause and prejudice for his failure to develop the evidentiary record on that claim in the state court, and that the district court had erred in granting the petition for the writ on the basis of the *Batson* claim. We further held that Mitchell's claims of insufficiency of the evidence and– with one explicit exception–ineffective assistance of counsel had been properly dismissed by the district court. That explicit exception was Mitchell's claim that his counsel had been ineffective in failing to raise a *Batson* claim either at trial or on direct appeal. This ineffective assistance claim had been raised for the first time in Mitchell's appeal of his state court post-conviction petition. Noting that if Mitchell "were able to demonstrate that he was entitled under *Keeney [v. Tamayo–Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992)] to an evidentiary hearing on his *Batson* claim, and if he were then able to demonstrate that that claim had merit (an issue which we do not reach in this appeal), then he might also be able to prevail on this related ineffective assistance claim," *Mitchell I*, 114 F.3d at 579 n. 13, we remanded the ineffective assistance claim to the district court for further proceedings. *Id.*

On remand, Mitchell moved for summary judgment and argued that his coun- sel's failure to make a *Batson* objection at trial excused Mitchell's later failure in state court post-conviction proceedings to put on evidence that a *Batson* violation had occurred at trial. The threshold issue before the district court on remand was whether Mitchell had shown cause and prejudice regarding his failure to raise and support his *Batson* claim in the state court post-conviction proceeding.[3] The district court held that the state court record demonstrated that at Mitchell's trial, his counsel had failed to make a *Batson* challenge and the prosecutor had failed to state on the record any reason for his strike of the black juror. Hence, the district court held, the state court record demonstrated ineffective assistance of counsel, and that ineffective assistance was cause for the failure to develop the state court record. The district court then concluded that the evidence developed in the earlier federal court evidentiary hearing sufficed to prove the *Batson* claim, which in turn sufficed to demonstrate prejudice from trial counsel's ineffective assistance.

The Warden protests that the district court's holding that the state court record demonstrates the ineffective assistance of Mitchell's trial counsel is directly contrary to this court's opinion in *Mitchell I*. We agree. The district court's conclusion that the state court record demonstrates ineffective assistance of counsel with regard to the *Batson* issue necessarily depends on the record's demonstrating the existence

---

1. The facts underlying this appeal are fully set out in our first opinion, and we will not repeat them here.

2. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

3. As we pointed out in *Mitchell I*, and con- trary to the finding of the district court on remand, it is clear from the record in the state court proceedings that Mitchell did not raise in his state court post-conviction peti- tion either a *Batson* claim or a claim of inef- fective assistance related to *Batson*. At the hearing on that petition, however, he was permitted, over the objection of the State, to present evidence with regard to the *Batson* claim. The state court found no merit to any of his claims and dismissed the petition. On appeal, Mitchell explicitly raised both a *Bat- son* claim and a *Batson*-related ineffective as- sistance of counsel claim.

of a meritorious *Batson* claim.[4] The state appellate court that reviewed the dismissal of Mitchell's post-conviction petition found that "the lack of evidence on the *Batson* issue does not justify this Court in upsetting the judgment entered in the original cases," and in *Mitchell I*, we held that to be a finding of fact that was "fairly supported" by the state court record. *Id* at 578–79. The district court was not free to overrule our conclusion.

The Warden also protests that the failure of Mitchell's counsel to raise a *Batson* challenge at trial cannot be cause for Mitchell's failure to raise or support his *Batson* claim in the post-conviction proceedings. We agree. The threshold showing Mitchell was required to make in the proceedings on remand was that he had cause for his failure to develop that state *post-conviction* record. Even if we were to assume that Mitchell's trial counsel was constitutionally ineffective for failing to raise a *Batson* claim *at trial*, we hold that there is no legal basis for the district court's perfectly circular conclusion that the ineffective assistance of counsel during the trial was the cause for Mitchell's failure to develop the record in the post-conviction proceedings.

For the foregoing reasons, we RE-VERSE the judgment of the district court. We REMAND this matter with instructions to the district court to enter judgment denying the petition for a writ of habeas corpus.

4. For counsel's performance to have been constitutionally ineffective, it must not only have been so deficient that it was tantamount to no counsel at all, but the deficiency must have been prejudicial to the defense. *See* *Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Manifestly the failure to raise a meritless *Batson* challenge could not have prejudiced the defense.