**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0026n.06
Filed: January 9, 2008

**No. 06-5693**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JOE CLARK MITCHELL, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOHN REES, | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Respondent-Appellant, | ) | |
| | ) | |

**Before: BOGGS, Chief Judge, and BATCHELDER and GIBBONS, Circuit Judges.**

**JULIA SMITH GIBBONS, Circuit Judge.** Respondent-appellant John Rees, warden of the Corrections Corporation of America, South Central Correctional Facility, appeals the district court's grant of a writ of habeas corpus to petitioner-appellee Joe Clark Mitchell. Respondent argues that the district court erred by granting Mitchell's Rule 60(b) motion for relief from judgment because the district court relied on this court's prior decision, *Mitchell v. Rees* ("*Mitchell I*"), 114 F.3d 571 (6th Cir. 1997), which was erroneously decided. For the following reasons, we reverse the decision of the district court.

I.

Mitchell was convicted in Tennessee state court in 1986. *Mitchell I*, 114 F.3d at 572-73. In April 1993, Mitchell filed a habeas petition in federal district court pursuant to 28 U.S.C. § 2254

-1-

(1994).[1]  *Id.* at 575.  The district court dismissed all of Mitchell's claims, except for a claim under

---

[1]At the time Mitchell filed his petition, 28 U.S.C. § 2254(d) (1994) provided:

In any proceeding instituted in a Federal court by an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit--

(1) that the merits of the factual dispute were not resolved in the State court hearing;
(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
(3) that the material facts were not adequately developed at the State court hearing;
(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;
(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;
(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or
(7) that the applicant was otherwise denied due process of law in the State court proceeding;
(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was

*Batson v. Kentucky*, 476 U.S. 79 (1986), that African Americans had been excluded unconstitutionally from the state court jury. *Mitchell I*, 114 F.3d at 575. After a magistrate judge conducted an evidentiary hearing on the issue, the district court concluded that a *Batson* violation had occurred and conditionally granted Mitchell's petition. *Id.* On appeal, this court reversed, concluding that the district court lacked jurisdiction to conduct an evidentiary hearing because it had not identified a factor in 28 U.S.C. § 2254(d) (1994) that allowed it to dispense with the presumption of correctness for the factual findings of the state courts. *Id.* at 577-78. Excluding the facts adduced at the evidentiary hearing, and presuming the correctness of the state courts' factual findings, the court determined that Mitchell failed to establish a *Batson* violation. *Id.* at 578-79. This court found no error in the dismissal of Mitchell's other claims but remanded the case to the district court for it to determine whether Mitchell could establish ineffective assistance of counsel for failure to raise the *Batson* claim at trial or on direct appeal. *Id.* at 579 & n.13.

On remand, the district court held that the state court record demonstrated that at Mitchell's trial, his counsel had failed to make a *Batson* challenge and, as a result, the prosecutor had failed to state on the record any reason for his striking the African American. *Mitchell v. Rees* ("*Mitchell II*"), 36 F. App'x 752, 753 (6th Cir. 2002). Therefore, the district court held that "the state court record demonstrated ineffective assistance of counsel, and that ineffective assistance was cause for the failure to develop the state court record." *Id.* The district court then concluded that the evidence developed in the earlier federal court evidentiary hearing sufficed to prove the *Batson* claim, which

---

erroneous.

28 U.S.C.A. § 2254(d) (1994).

in turn sufficed to demonstrate prejudice from trial counsel's ineffective assistance. *Id.* This court reversed, holding that the district court's conclusion was directly contrary to *Mitchell I*, and holding further that there was no basis in law for the district court's 'perfectly circular conclusion' that Mitchell's failure to develop the record in the *state post-conviction* proceedings was caused by his *trial* counsel's ineffective assistance. In *Mitchell I*, this court found that the state court's conclusion that a *Batson* violation was not established in the state court record was fairly supported by that record. *Id.* at 753-54. This court remanded the "matter with instructions to the district court to enter judgment denying the petition for a writ of habeas corpus." *Id.* at 754. The district court entered judgment in accordance with the mandate on March 14, 2002.

On September 13, 2000, this court issued its opinion in *Abdur'Rahman v. Bell*, 226 F.3d 696 (6th Cir. 2000), in which it held that the district court has the inherent authority to conduct an evidentiary hearing. *Id.* at 705. In doing so, the court noted that "*Mitchell*[] . . . is overbroad in that it fails to recognize the inherent authority that a district court always has in habeas cases to order evidentiary hearings . . . ." *Id.* at 706. On July 28, 2005, this court issued its opinion in *Harries v. Bell*, 417 F.3d 631 (6th Cir. 2005), in which it confirmed that "*Mitchell* conflicts with Sixth Circuit and Supreme Court precedent." *Id.* at 635. Furthermore, on June 23, 2005, the Supreme Court issued its opinion in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), in which the Supreme Court held that a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) by a habeas petitioner is not automatically treated as a successive habeas petition under 28 U.S.C. § 2244(b). *Id.* at 538.

In response to these cases, on December 9, 2005, Mitchell filed a motion for relief from judgment pursuant to Rule 60(b)(6), arguing that *Mitchell I* erroneously denied him an evidentiary hearing and requesting that the district court reopen the case and grant the hearing. The district court

concluded that Mitchell's motion was not a successive habeas petition and that the decision in *Mitchell I* was in error. It also concluded that the facts of the case constituted an "extraordinary circumstance" and satisfied the requirements of Rule 60(b)(6). Therefore, it granted an evidentiary hearing, adopted the factual findings of the earlier federal court evidentiary hearing, and granted Mitchell's petition because of the *Batson* violation.

## II.

As a threshold matter, respondent argues that the district court does not have the power to reconsider its judgment under Rule 60(b) because Mitchell is challenging a judgment of this court not the district court. "Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). "A complementary theory, the mandate rule, requires lower courts to adhere to the commands of a superior court." *Id.*; *see also United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999) (explaining that "the mandate rule is a specific application of the law-of-the-case doctrine"). However, these rules are not without exception. *Moored*, 38 F.3d at 1421. The Supreme Court has rejected the proposition "that an appellate court's mandate bars the trial court from later disturbing the judgment entered in accordance with the mandate." *Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18 (1976); *see also Ritter v. Smith*, 811 F.2d 1398, 1401-04 (11th Cir. 1987) (cited favorably by *Gonzalez*, 545 U.S. at 534) (affirming the district court's Rule 60(b) reconsideration in a habeas case of judgment made pursuant to appellate court's mandate in light of subsequent change in controlling law). An issue already decided may be reopened in limited circumstances, such as where there is "substantially different

evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice." *Moored*, 38 F.3d at 1421 (internal quotation marks omitted). Here, the subsequent rulings by this court in *Harries* and *Abdur'Rahman* explicitly adopted a contrary view of the district court's authority to grant an evidentiary hearing from that advanced in *Mitchell I* and confirm that *Mitchell I* was erroneous when decided. *See Harries*, 417 F.3d at 635; *Abdur'Rahman*, 226 F.3d at 705-06. Relying upon the evidence adduced from the evidentiary hearing, the district court concluded that Mitchell demonstrated a *Batson* violation, a conclusion which this court has never rejected. Given these facts, the district court was not bound by *Mitchell I*.

Still, before Mitchell's motion can be considered on its merits, Mitchell must overcome two procedural hurdles: (1) his Rule 60(b) motion must not be a second or successive *habeas* petition prohibited by AEDPA and (2) he must satisfy the requirements of Rule 60(b).[2]

A motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of 28 U.S.C. § 2244(b). *See Gonzalez*, 545 U.S. at 529, 531-32. If, under this standard, a 60(b) motion were found to be a successive habeas petition, such a finding would require application of 28 U.S.C. § 2244(b), which would serve as a jurisdictional bar to the 60(b) motion. *See, e.g.*, *Post v. Bradshaw*, 422 F.3d 419, 421 (6th Cir. 2005) (holding that the petitioner's 60(b) was barred by § 2244(b) because the motion was in fact a successive *habeas* petition). In order for § 2244(b) to be implicated, a Rule 60(b) motion must constitute a "habeas corpus application" by containing a "claim." *Gonzalez*, 545 U.S. at 530. A Rule 60(b) motion

---

[2]Before the district court, Mitchell argued that the district court's equitable powers over its own judgment derived from Article III of the Constitution and 28 U.S.C. § 2243 provided bases separate from Rule 60(b) for providing relief. Mitchell does not raise these arguments on appeal.

contains a claim if it asserts a federal basis for relief from a state court's judgment of conviction, *id.*, by "seek[ing] to add a new ground for relief," or "attack[ing] the federal court's previous resolution of a claim *on the merits*," *id.* at 532. However, no claim is presented if a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings," *id.*, such as "assert[ing] that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," *id.* at 532 n.4. In short, a Rule 60(b) motion is not a successive habeas petition "if it does not assert, or reassert, claims of error in the movant's state conviction." *Id.* at 538.

Here, Mitchell's Rule 60(b) motion argues that *Mitchell I* erroneously denied him an evidentiary hearing and requests that the district court reopen the case and grant the hearing. This is not a "claim" because it does not assert an error in the state conviction and would not constitute a federal basis for relief. Respondent argues that this case is distinguishable from cases in which a limitations bar applies because here the court actually decided Mitchell's original claim on the merits. While this may be true, the focus of the inquiry is not on whether the court reached the merits of the original petition but on whether the Rule 60(b) motion contains a claim. If it does not contain a claim, it is not a habeas petition, successive or otherwise. *See Gonzalez*, 545 U.S. at 530. Because Mitchell's Rule 60(b) motion challenges only the judgment on the evidentiary hearing, it does not make a claim but rather asserts an error in the federal habeas proceeding. Therefore, Mitchell's Rule 60(b) motion is not subject to the provisions of 28 U.S.C. § 2244(b).

Although Mitchell's Rule 60(b) motion does not constitute a second or successive habeas petition, in order to prevail, he still must satisfy the requirements and limitations of Rule 60(b) to prevail. *See id.* at 534-35. Rule 60(b), in relevant part, allows a party to seek relief from a final

judgment for: "(1) mistake, inadvertance, surprise, or excusable neglect . . . ; or (6) any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b). A district court's decision to grant relief pursuant to Rule 60(b) is reviewed for an abuse of discretion. *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *Schenck v. City of Hudson*, 114 F.3d 590, 593 (6th Cir. 1997).

It was an abuse of discretion to grant relief under Rule 60(b)(6) because Mitchell's motion should have been brought under Rule 60(b)(1). Rule 60(b)(6) is interpreted narrowly, permitting relief only in "extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988); *Abdur'Rahman v. Bell*, 493 F.3d 738, 741 (6th Cir. 2007). Specifically, a motion may not be brought under Rule 60(b)(6) if it is premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5). *Liljeberg*, 486 U.S at 863 & n.11. Here, Mitchell seeks relief because *Mitchell I* was "totally wrong" and the court made a "patent error in denying an evidentiary hearing." The cases upon which he relies for this proposition confirm that the *Mitchell I* decision was an error when decided and not a correct decision abrogated by a subsequent change in the law. *See Harries*, 417 F.3d at 635; *Abdur'Rahman*, 226 F.3d at 705-06. In fact, *Mitchell I* must be considered an error because the later panels of this court lacked the power to overrule the decision of the prior panel. *Compare Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) ("A panel of this Court cannot overrule the decision of another panel.") *with Habich v. City of Dearborn*, 331 F.3d 524, 530 n.2 (6th Cir. 2003) ("When an opinion of this court conflicts with an earlier precedent, we are bound by the earliest case."). As it is clear that Mitchell's Rule

60(b) motion alleges a mistake made by this court in *Mitchell I*, rather than a change in the law, his motion is properly made pursuant to Rule 60(b)(1). *Abdur'Rahman*, 491 F.3d at 741; *Pierce v. United Mine Workers of Am. Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985) ("This Court has recognized a claim of legal error as subsumed in the category of mistake under Rule 60(b)(1)."). Therefore, the district court abused its discretion by granting relief under Rule 60(b)(6). *See McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595-96 (6th Cir. 2002).

Construing Mitchell's motion pursuant to Rule 60(b)(1), it must be denied as untimely filed. A motion made pursuant to Rule 60(b)(1) must be made "not more than one year after the judgment, order or proceeding was entered or taken." Fed. R. Civ. P. 60(b). This time limit is jurisdictional, *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006), and the district court does not have the discretion to extend the period of limitation, *Smith v. Sec'y of Health & Human Servs.*, 776 F.2d 1330, 1332-33 (6th Cir. 1985); *see also* Fed. R. Civ. P. 6(b).[3] Mitchell argues, and the district court determined, that his motion was timely filed because, prior to the June 2005 Supreme Court decision in *Gonzalez*, relief from judgment under Rule 60(b) was treated as a successive habeas petition under *McQueen v. Scroggy*, 99 F.3d 1302 (6th Cir. 1996). While enforcement of the time limit may seem unfair, "[t]he general purpose of Rule 60(b) is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Charter Twp. of Muskegon v. City of Muskegon*, 303 F.3d 755, 760 (6th Cir. 2002) (internal quotation marks and alteration omitted). Such balancing necessarily creates situations in which an alleged injustice can

---

[3] Federal Rule of Civil Procedure 6(b) states in relevant part "[a court] may not extend the time for taking any action under Rule[] . . . 60(b), except to the extent and under the conditions stated in [it]."

no longer be remedied. The one-year deadline for seeking certain grounds of relief also "limit[s] the friction between Rule 60(b) and the successive-petition prohibitions of AEDPA." *Gonzalez*, 545 U.S. at 534-35. There is no question that Mitchell's Rule 60(b) motion was filed more than a year after the district court's judgment. Therefore, having found the motion to have been untimely filed, we reverse the decision of the district court.