*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 10a0273p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

————————————

KEVIN KEITH,

        *Petitioner-Appellant,*

    *v.*

DAVID BOBBY, Warden,

        *Respondent-Appellee.*

No. 09-3871

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 08-01687—Peter C. Economus, District Judge.

Argued: August 3, 2010

Decided and Filed: August 31, 2010

Before: BOGGS, CLAY, and GIBBONS, Circuit Judges.

————————————

## COUNSEL

**ARGUED:** David E. Mills, THE MILLS LAW OFFICE, Cleveland, Ohio, for Appellant. Seth P. Kestner, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee. **ON BRIEF:** Rachel G. Troutman, Tyson L. Fleming I, OHIO PUBLIC DEFENDER'S OFFICE, Columbus, Ohio, for Appellant. Seth P. Kestner, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee.

      BOGGS, J., delivered the opinion of the court. CLAY (p. 11), and GIBBONS (p. 12), JJ., delivered separate opinions concurring in the judgment.

————————————

## OPINION

————————————

      BOGGS, Circuit Judge. Kevin Keith filed a petition for habeas corpus in federal district court. The district court concluded that the petition was "second or successive" and transferred Keith's case to this court for determination of whether Keith should be

1

permitted to file the petition under 28 U.S.C. § 2244(b). This court denied Keith permission to file his petition. *See Keith v. Bobby*, 551 F.3d 555 (6th Cir. 2009). Keith thereafter filed a motion in the district court under Federal Rule of Civil Procedure 59(e) asking the district court to reconsider its order transferring the matter to this court. The district court denied Keith's motion both because the motion was untimely and because the court again concluded that Keith's petition was "second or successive." Keith now appeals the decision of the district court. Because we conclude that Keith's Rule 59(e) motion was untimely, and because this court's order barred the district court from reconsidering whether Keith's petition was "second or successive," we affirm the order of the district court.

# I

Our prior decisions have provided a full review of the facts and procedural history of Keith's case, *see Keith*, 551 F.3d at 556, 557-59; *Keith v. Mitchell*, 455 F.3d 662, 665-68 (6th Cir. 2006), so we will set forth only a brief summary here. In February 1994, a gunman killed Marichell Chatman, Linda Chatman, and seven-year-old Marchae Chatman, and wounded Richard Warren, Quinita Reeves, and Quinton Reeves. Physical evidence and witness accounts led Ohio police to Keith, and a grand jury indicted Keith for three counts of aggravated murder and three counts of attempted aggravated murder. After a two-week trial, a jury found Keith guilty of all counts. On the jury's recommendation, the trial court imposed a death sentence for each of the aggravated murder counts.

Keith filed a direct appeal in the Ohio Court of Appeals and, subsequently, in the Ohio Supreme Court, but both courts affirmed Keith's conviction and sentence. *See State v. Keith*, 684 N.E.2d 47 (Ohio 1997); *State v. Keith*, No. 3-94-14, 1996 WL 156710 & 1996 WL 156716 (Ohio Ct. App. Apr. 5, 1996). Keith then unsuccessfully pursued post-conviction relief in Ohio state court. *See State v. Keith*, No. 98-2057, 703 N.E.2d 326 (Ohio Dec. 23, 1998) (table); *State v. Keith*, No. 3-98-05, 1998 WL 487044 (Ohio Ct. App. Aug. 19, 1998); *see also State v. Keith*, No. 98-2057, 705 N.E.2d 368 (Ohio Feb. 3, 1999) (table) (denying reconsideration). Finally, in 1999, Keith filed a petition

for habeas corpus in the United States District Court for the Northern District of Ohio. After reviewing the merits of Keith's petition, the district court denied relief. This court affirmed. *See Keith*, 455 F.3d at 662.

In 2008, Keith filed a second petition for habeas corpus in the district court. The petition asserted that newly discovered evidence revealed violations of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959). The petition acknowledged that 28 U.S.C. § 2244(b)(3) required Keith to obtain permission from the court of appeals before filing a "second or successive" petition, but argued that Keith did not need to satisfy this requirement because his new petition did not fall within the meaning of "second or successive."

On July 17, 2008, the district court entered an "Order of Transfer" in which the court rejected Keith's contention that his petition was not "second or successive." Following the procedure established in *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), the district court transferred the matter to this court for initial consideration.

Once this court received Keith's petition, the clerk of the court instructed Keith to file a proper application for permission to file a second or successive petition. In response, Keith filed a "corrected second or successive motion." Attached to that motion, Keith provided a supporting memorandum and a revised version of his petition. Neither Keith's motion nor the attached memorandum argued that Keith's petition was not "second or successive," and the revised petition did not discuss the issue, which had been adverted to in the district court filing.

On January 13, 2009, this panel issued an order denying Keith's motion to file a second or successive habeas petition. *Keith*, 551 F.3d at 556. The panel did not explicitly address the district court's finding that Keith's petition was a "second or successive" petition for habeas corpus. We focused on whether Keith's petition overcame the bar on "second or successive" petitions established by 28 U.S.C. § 2244(b). We concluded that Keith's petition did not overcome that bar because Keith had not made "a prima facie showing that 'no reasonable factfinder would have found

the applicant guilty of the underlying offense.'"    *Id.* at 556 (quoting 28 U.S.C. § 2244(b)(2)(B)(ii)).

Thirteen days after this court issued its order, Keith filed a motion in the district court under Federal Rule of Civil Procedure 59(e) asking the district court to reconsider its Order of Transfer, entered more than six months earlier. Keith argued that the district court committed a clear error of law when it determined that Keith's petition was "second or successive," and that the district court should therefore alter its order transferring the petition to this court. Keith asserted that this court's January 13 order did not bar the district court from reconsidering its earlier determination because this court had not addressed whether Keith's petition was "second or successive." Keith made no effort to apprise this court of the alleged defect in its January 13 order.

On June 24, 2009, the district court issued an order denying Keith's Rule 59(e) motion. The district court held that it was not precluded from reconsidering whether Keith's petition was "second or successive," because the "Sixth Circuit never adjudicated on whether Keith's petition is a successive petition. Instead, the Sixth Circuit merely applied § 2244(b) without expressly holding whether Keith's petition was subject to its restrictions." R. 14 at 5. However, the court concluded that Keith's motion was untimely because Keith filed it more than six months after the district court issued its transfer order. R. 14 at 3-5. Further, the court reexamined Keith's petition and again concluded that it was a "second or successive" petition for the purposes of 28 U.S.C. § 2244(b). R. 14 at 6-9. As a result, the district court refused to alter or amend its Order of Transfer.

At Keith's request, the district court issued a certificate of appealability with respect to the arguments raised in Keith's Rule 59(e) motion. Keith filed a timely appeal.

**II**

On appeal, Keith claims that the district court erred by denying his Rule 59(e) motion.  We review a district court's denial of a Rule 59(e) motion for an abuse of discretion. *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 467 (6th Cir. 2009).  "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment.  A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Ibid.* (quoting *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 891 (6th Cir. 2004)).

Keith argues that the district court improperly applied the law both when it determined that his Rule 59(e) motion was untimely and when it reaffirmed its conclusion that his petition was "second or successive."  With respect to the timeliness of his Rule 59(e) motion, Keith argues that the district court's Order of Transfer did not become a final order until this court issued its denial of Keith's motion to file a second or successive habeas petition. Appellant's Brief at 15-19.  As a result, Keith asserts that the time for filing his Rule 59(e) motion did not begin to run until this court entered its January 13 order. *Ibid.*  Turning to the district court's conclusion that his petition was "second or successive," Keith contends that his petition was not an "abuse of the writ" and thus did not fall within the meaning of "second or successive."  Appellant's Brief at 20-30.

We hold that the district court did not abuse its discretion when it denied Keith's Rule 59(e) motion. First, the district court was correct when it concluded that Keith's motion was untimely.  Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."[1]   Fed. R. Civ. P. 59(e) (2009).  This court has interpreted the term

---

[1] Under Rule 6(a), this ten-day period begins the day after the judgment is filed, and does not include Saturdays, Sundays, or legal holidays. Fed. R. Civ. P. 6(a) (2009).  Rule 59(e) has recently been amended to expand this time period to twenty-eight days after the entry of judgment.  This amendment was not effective at the time that Keith filed his motion and, even if it had been, Keith's motion would still have been untimely.

"judgment" to refer to a judgment or a final order. *See CGH Transp., Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 823 n.10 (6th Cir. 2008); *see also Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) ("When a party files a motion to reconsider a final order or judgment within ten days of entry, we will generally consider the motion to be brought pursuant to Rule 59(e)."). As mandated by the language of Rule 59(e), a court must look to the date upon which the final order or judgment was entered to determine whether a Rule 59(e) motion is timely. *See Intera Corp. v. Henderson*, 428 F.3d 605, 611 (6th Cir. 2005) ("In order for a Rule 59 motion to be deemed 'timely,' the motion must be served 'no later than 10 days after entry of the judgment.'" (quoting Fed. R. Civ. P. 59(e))).

In this case, the district court entered its Order of Transfer on July 18, 2008, and Keith filed his Rule 59(e) motion on January 26, 2009–more than six months after the district court entered its order. Keith's motion was thus untimely.

Keith's argument to the contrary–that his motion was timely because the district court's order only became a final order when this court entered its January 13 order–ignores the plain language of Rule 59(e). Rule 59(e) states that a motion must be filed no later than ten days "after the *entry of the judgment*" (emphasis added), not "after the judgment becomes final." This precludes a court from calculating the timeliness of a Rule 59(e) motion based on any date other than the date on which the relevant final order or judgment was entered. Moreover, the text of the rule indicates that only the final order or judgment that the motion seeks to alter or amend can serve as the starting point for determining timeliness: "A motion to alter or amend *a* judgment must be filed no later than 10 days after the entry of *the* judgment." Fed. R. Civ. P. 59(e) (2009) (emphasis added). Rule 59(e) thus prohibits this court from finding that the entry of *this court's* January 13 order served as the starting point for determining the timeliness of Keith's motion to alter or amend the district court's Order of Transfer.[2] Additionally, to the extent that Keith argues that the Order of Transfer was neither a "judgment" nor

---

[2]Further, to the extent that Keith is arguing that his Rule 59(e) motion sought to modify *this court's* final order, it is plain that the district court had no authority to do so.

a "final order" for the purposes of Rule 59(e), he is incorrect.  Barring any further action by this court, the Order of Transfer ended the litigation in the district court.  Just as with any final order, the litigation *could* have resumed if this court had determined that further district court proceedings were appropriate, but not otherwise.  Thus, for the purposes of Rule 59(e), the Order of Transfer was a "final order."[3]  To hold otherwise would render the timeliness requirement of Rule 59(e) essentially meaningless.

What Keith is actually suggesting is that the transfer of his case to this court tolled the period for filing his Rule 59(e) motion in the district court.  Federal Rule of Civil Procedure 6(b)(2), however, prohibits such tolling, as it provides that "[a] court must not extend the time to act under" Rule 59(e).  Fed. R. Civ. P. 6(b)(2) (2009); *see Myers v. Ace Hardware, Inc.*, 777 F.2d 1099, 1104 n.1 (6th Cir. 1985) (suggesting that plaintiffs' argument that "lack of knowledge tolled the 10 day period" for filing a Rule 59(e) motion fell afoul of Rule 6(b)(2)).  Indeed, "courts have uniformly held that the ten-day period [for filing a Rule 59(e) motion] may not be enlarged under any circumstances."  *Kelley v. St. Paul Fire & Marine Ins. Co.*, 856 F.2d 194, 1988 WL 89342, at *3 (6th Cir. Aug. 29, 1988) (table).  The transfer of Keith's case to this court thus did not affect the timeliness of his Rule 59(e) motion, and the district court correctly concluded that Keith's motion was late.[4]

Yet even if Keith's motion had not been late, the law-of-the-case doctrine barred the district court from reconsidering whether Keith's motion was "second or successive." The law-of-the-case doctrine holds that "a decision on an issue made by a court at one

---

[3] This holding does not affect the general rule that a transfer order is not final and appealable for the purposes of 28 U.S.C. § 1291.  *See Miller v. Toyota Motor Corp.*, 554 F.3d 653, 655 (6th Cir. 2009); *Howard v. United States*, 533 F.3d 472, 474 (6th Cir. 2008) ("Our court's practice is to treat the transfer order as non-appealable, and to consider in the transferred case whether such a transfer was necessary or appropriate.").

[4] One day before oral argument, in a letter filed pursuant to Federal Rule of Appellate Procedure 28(J), Keith raised the alternative argument that Rule 59(e) does not apply to his motion because the district court had "inherent power" to reconsider its transfer order.  We are extremely skeptical of this argument, but we need not address it here.  Although the case law underpinning Keith's argument has existed since 2008, Keith did not raise this argument before the district court.  Instead, Keith identified his motion for reconsideration as a motion under Rule 59(e) and offered only arguments regarding the proper application of that rule.  As a result, Keith waived the argument that Rule 59(e) did not apply to his motion. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) ("[A]n argument not raised before the district court is waived on appeal to this Court.").

stage of a case should be given effect in successive steps of the same litigation." *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990). This doctrine renders a determination by the court of appeals binding upon the district court in subsequent stages of the same litigation. *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006). It thus generally bars the district court from reconsidering those issues that the court of appeals has already explicitly or impliedly resolved.[5] *See In re Kenneth Allen Knight Trust*, 303 F.3d 671, 676 (6th Cir. 2002) ("Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." (internal quotation marks and citations omitted)); *Jones v. Lewis*, 957 F.2d 260, 262 (6th Cir. 1992) ("[Under] the law of the case doctrine, the trial court may consider those issues not decided expressly or impliedly by the appellate court or a previous trial court." (citing *Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979)))

In the present case, this court's order denying Keith permission to file a second or successive petition impliedly resolved the issue of whether Keith's petition was "second or successive." Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application [for habeas corpus] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The court of appeals must review the application to determine whether "the application makes a prima facie showing that the application satisfies the requirements" of § 2244(b). 28 U.S.C. § 2244(b)(3)(C). This court has recognized that "§ 2244(b)(3) allocates subject matter jurisdiction to the court of appeals, rather than the district court, in the first instance, over a second or successive habeas petition." *Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005). As a result, the determination of whether a petition is "second or successive" is actually a determination as to whether this court has original subject-matter jurisdiction over the petition. *See ibid.* (indicating that this court's jurisdiction depended on whether the petitioner's Rule 60(b) motion was actually a "second or successive habeas petition").

---

[5]There are some exceptions to the law-of-the-case doctrine, but they are not relevant under the present circumstances. *See Mitchell v. Rees*, 261 F. App'x 825, 828 (6th Cir. 2008) (discussing the exceptions to the law-of-the-case doctrine).

Although this court affords the district court the initial opportunity to assess whether a petition is "second or successive," we have ultimate responsibility for determining our own jurisdiction over the petition. *Cf. Howard v. United States*, 533 F.3d 472, 474 (6th Cir. 2008) ("Our court's practice in the case of second-or-successive [petitions transferred] to this court is to treat the transfer order as non-appealable, and to consider in the transferred case whether such a transfer was necessary or appropriate."). Indeed, because § 2244(b)(3) only grants this court original jurisdiction over "second or successive" petitions, this court cannot exercise its authority under § 2244(b)(3) *unless* the court has concluded that the petition is "second or successive." *See In re Nailor*, 487 F.3d 1018, 1021 (6th Cir. 2007) (indicating that the court must determine whether the petition is "second or successive" before it can examine whether the petition satisfies § 2244(b)); *In re Marsch*, 209 F. App'x 481, 483 (6th Cir. 2006) ("Because § 2244(b) applies to petitioner's habeas request, we must now decide whether his petition is successive and, if so, whether he can make a prima facie showing that his claims satisfy the requirements of this provision."). This court has repeatedly indicated that if a petition is *not* "second or successive," we must and will transfer it back to the district court (or dismiss it, if filed originally in this court), because this court is not authorized to consider whether a petition meets the requirements of § 2244(b) when the petition is not "second or successive." *See, e.g.*, *Howard*, 533 F.3d at 474, 476 (finding that the petition was not "second or successive" and therefore transferring the case back to the district court); *In re Bowen*, 436 F.3d 699, 700 (6th Cir. 2006) (same); *In re Walker*, 238 F.3d 426, 2000 WL 151715, at *1 (6th Cir. 2000) (table) (same).

This court's January 13 order constituted an exercise of the court's authority under § 2244(b)(3): the order denied Keith permission to file his petition because that petition did not satisfy the requirements of § 2244(b). As such, the order necessarily indicated that the court agreed with the district court's determination that Keith's petition was "second or successive" and was therefore within this court's original jurisdiction. *See Stoll v. Gottlieb*, 305 U.S. 165, 171-72 (1938) ("Every court in rendering a judgment tacitly, if not expressly, determines its jurisdiction over the parties

and the subject matter."); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("[T]he Federal Circuit, in transferring the case to the Seventh Circuit, was the first to decide the jurisdictional issue. That the Federal Circuit did not explicate its rationale is irrelevant, for the law of the case turns on whether a court previously 'decide[d] upon a rule of law'–which the Federal Circuit necessarily did–not on whether, or how well, it explained the decision."). Under the law-of-the-case doctrine, this tacit determination was binding upon the district court, and the district court had no authority under Rule 59(e) to reconsider our implicit jurisdictional determination that Keith's petition was "second or successive." To hold otherwise would be analogous to ruling that a district court could, on remand, review this court's exercise of its appellate jurisdiction whenever this court did not explicitly assert jurisdiction on the record. A district court plainly cannot engage in such a review. If a party disagrees with this court's determination that it has jurisdiction, his recourse, in principle, is to a higher authority,[6] not to the district court.[7] Accordingly, the district court in this case could not reconsider whether Keith's petition was "second or successive," and Keith's request that the district court perform such a review was improper.

### III

For the foregoing reasons, we AFFIRM the order of the district court.

---

[6] Alternatively, a party may seek reconsideration by this court, which is not barred by the law-of-the-case doctrine from reconsidering its own jurisdiction. *See In re LWD, Inc.*, 335 F. App'x 523, 526 (6th Cir. 2009).

[7] We recognize, of course, that 28 U.S.C. § 2244(b)(3)(E) indicates that the "grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." We note, however, that there is reason to doubt whether § 2244(b)(3)(E)'s restrictions apply to the jurisdictional question of whether a petition is "second or successive." *See Castro v. United States*, 540 U.S. 375, 380 (2003) ("The 'subject' of Castro's petition is not the Court of Appeals' 'denial of an authorization.' It is the lower courts' refusal to recognize that this § 2255 motion is his first, not his second. This is a very different question."); *Mancuso v. Herbert*, 166 F.3d 97, 99-100 (2d Cir. 1999) ("[W]hile Section 2244(b)(3)(E) prohibits those petitions that seek reconsideration of the merits underlying a grant or denial of a habeas petition, it does not bar petitions that ask for reconsideration of the jurisdictional question of whether the AEDPA even applies, *i.e.*, while Section 2244(b)(3)(E) governs how petitions are treated once they are properly located within the AEDPA framework, it does not restrict our authority over the threshold question of whether the AEDPA even applies."). Because the issue is not before us, we need not address it here.

---

**CONCURRING IN THE JUDGMENT**

---

CLAY, Circuit Judge, concurring in the judgment. Because Petitioner Kevin Keith is not entitled to prevail based on the issues currently before this Court, I concur in the judgment. Nonetheless, I would be remiss if I failed to comment about the ongoing difficulties and causes for concern underlying the course of litigation in this case. I have previously expressed my views regarding Petitioner's entitlement to relief in prior appeals. *See Keith v. Bobby*, 551 F.3d 555, 559 (6th Cir. 2009) (Clay, J., dissenting); *Keith v. Mitchell*, 466 F.3d 540, 540 (6th Cir. 2006) (Clay, J., dissenting from denial of rehearing *en banc*); *Keith v. Mitchell*, 455 F.3d 662, 679 (6th Cir. 2006) (Clay, J., concurring in part and dissenting in part). Consequently, I will not reiterate my position or the evidence in the record supporting Petitioner's claim that he is actually innocent of the offenses for which he has been condemned to death; the evidence suggesting Petitioner's innocence has been described in my January 13, 2009 dissent in this matter. *Keith*, 551 F.3d at 560-62. Unfortunately, it has not been possible to persuade the panel majority or the *en banc* Court that the evidence suggesting Petitioner's innocence or the legal errors committed during the state court trial justify granting Petitioner relief from execution. Petitioner is currently scheduled to be executed on September 15, 2010. Even if our jurisprudence has thus far failed to expressly recognize that an innocent person has a constitutional right not to be executed, it is deplorable that this Court has failed and refused in this case to consider and properly address Petitioner's legal arguments in a manner indicating that the Court recognizes that "death is special."

---

**CONCURRING IN THE JUDGMENT**

---

JULIA SMITH GIBBONS, Circuit Judge, concurring in the judgment. I join the result of the lead opinion in this case with confidence but decline to join its reasoning in full. The determinative principle in this matter is that the district court was not free to revisit the issue of whether Keith's petition was a second or successive one. I agree with the lead opinion that our 2009 opinion impliedly resolved this issue. I also note that Keith had every opportunity to press this court for an explicit statement on this point. He could have asked this court to remand to the district court because the petition was not second or successive. He could have challenged the district court's determination that the petition was second or successive in his revised petition or brief to this court. He could have moved for rehearing in this court after receiving the 2009 opinion. He did none of those things. Instead, he sought to have the district court change its mind on an issue that had already been resolved by this court in exercising its jurisdiction under 28 U.S.C. § 2244(b)(3). I do not join the portion of the opinion dealing with the timeliness of the motion under Rule 59(e). While I agree with it as a general matter, it could be read to imply that a timely Rule 59(e) motion was indeed available to Keith. That may or may not be the case. The order of transfer arguably divested the district court of jurisdiction to decide such a motion. Because we need not resolve that issue to decide the case, I would leave it for another day.