**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0430n.06

Nos. 10-1079/11-1716

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE  EASTERN |
| KEVIN TYRONE WILSON, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

FILED

*Apr 18, 2012*

LEONARD GREEN, Clerk

BEFORE:  NORRIS, CLAY, and GRIFFIN, Circuit Judges.

PER CURIAM.  Kevin Tyrone Wilson, a federal prisoner, appeals through counsel the denial of his motion for relief from judgment, filed pursuant to Federal Rule of Civil Procedure 60(b)(6), in his postconviction proceedings.

In 1990, a jury convicted Wilson of conspiracy to distribute cocaine and cocaine base.  He was sentenced to 360 months of imprisonment.  In 1992, Wilson filed a motion in the district court seeking to have his federal sentence run concurrently with a prior state sentence.  The district court construed this motion as filed under 28 U.S.C. § 2255, and granted the relief requested.  In 1997, Wilson filed a motion under § 2255, which the district court construed as a second or successive motion and transferred to this court to determine whether the motion should be authorized.  This court denied authorization.

In 2005, Wilson filed his motion for relief from judgment, citing Rule 60(b)(6), attacking the district court's order transferring his § 2255 motion to this court for authorization.  He relied on the

2003 decision of the Supreme Court in *Castro v. United States*, 540 U.S. 375, 383 (2003), which held that a district court should warn a pro se movant that it is construing a motion as a § 2255 motion that will bar further motions under that section, and give the movant the opportunity to withdraw his motion. The district court denied Wilson's motion in 2006. Wilson filed a timely motion to reconsider that order. Because the motion for reconsideration was not ruled on, this court remanded to the district court for such a ruling when Wilson filed a notice of appeal in 2010 (Case No. 10-1079). The district court denied reconsideration in 2011, which rendered the 2010 notice of appeal effective. Wilson filed another notice of appeal following the ruling on the motion for reconsideration (Case No. 11-1716). The two appeals have been consolidated.

We review the denial of a motion for relief from judgment under Rule 60(b) for an abuse of discretion. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006). We find no abuse of discretion in this case, because we have previously held that a change in decisional law is not an extraordinary circumstance warranting relief under Rule 60(b)(6). *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001); *see also Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (interpretation of a statute is not an extraordinary circumstance under Rule 60(b)(6) warranting reopening of final judgments).

Moreover, the district court correctly noted that granting Wilson's motion for relief from judgment would violate the law-of-the-case doctrine. *See United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). The prior order of this court denying Wilson authorization to file his 1997 motion impliedly resolved the issue of whether the motion was second or successive and precluded the district court from reconsidering the issue under the law-of-the-case doctrine. *See Keith v. Bobby*, 618 F.3d 594, 600-01 (6th Cir. 2010). Although an exception to the law-of-the-case doctrine

may be made where there has been a change in the law, *Mitchell v. Rees*, 261 F. App'x 825, 828 (6th Cir. 2008), reliance on a change in the law renders Wilson's motion for relief from judgment one properly filed under Rule 60(b)(1), and therefore untimely. *Id.* at 829-30.

Accordingly, the district court's denial of Wilson's motion for relief from judgment is affirmed.