**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-40223
Summary Calendar

JOHNIE WISE

Plaintiff-Appellant

v.

PAUL KASTNER, Chief Executive Officer/Trustee

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:07-cv-56

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Johnie Wise, federal prisoner # 82218-079, appeals the district court's dismissal of his action that he characterized as an independent action in equity. Wise argues that he was convicted of a nonexistent offense because there was no weapon of mass destruction. He argues that the district court erred in increasing his offense level at sentencing with a victim-related adjustment and in doing so on the basis of facts not found by the jury. He maintains that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prisoner bond was a revenue-generating device for the United States government that violated his due process rights.

One of the essential elements of an independent action in equity is a showing of the absence of any adequate remedy at law. *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 79 (5th Cir. 1970). An "independent action cannot be made a vehicle for the relitigation of issues." *Id.* The Supreme Court has further noted that an independent action in equity should be available only to prevent a grave miscarriage of justice. *United States v. Beggerly*, 524 U.S. 38, 47 (1998). Wise has shown only that he has not been satisfied with the results of the at law remedies available to him. Wise's action does not meet the demanding standards for sustaining an independent action in equity.

Since Wise's action was not filed in the federal district court in which he was convicted and sentenced, the district court did not have jurisdiction to alternatively treat his action as a motion under 28 U.S.C. § 2255. *See Pack v. Yousuff*, 218 F.3d 448, 451 (5th Cir. 2000). Because Wise did not assert that he was convicted of an offense that is nonexistent as to all persons, his action also did not meet the essential criteria of a claim under 28 U.S.C. § 2241 made in conjunction with the savings clause of § 2255(e). *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

AFFIRMED.