RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 11a0171p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

JOE CLARK MITCHELL,

                        *Petitioner,*

    *v.*

JOHN REES, Warden,

                        *Respondent.*

No. 09-5570

Appeal from the United States District Court
for the Middle District of Tennessee at Columbia.
No. 93-00073—William J. Haynes, Jr., District Judge.

Argued: November 30, 2010

Decided and Filed: June 30, 2011

Before: BATCHELDER, Chief Judge; BOGGS and GIBBONS, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Paul R. Bottei, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Appellant. Jennifer L. Smith, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee. **ON BRIEF:** Paul R. Bottei, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Appellant. Jennifer L. Smith, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee.

_____

**OPINION**

_____

     ALICE M. BATCHELDER, Chief Judge. Petitioner Joe Clark Mitchell appeals the district court's denial of his motion for relief from judgment, which he brought as an "independent action" in equity, as provided for by Federal Rule of Civil Procedure 60(d)(1). We AFFIRM.

## I.

This is Mitchell's fourth appearance in this court.  *See Mitchell v. Rees* (*Mitchell I*), 114 F.3d 571 (6th Cir. 1997); *Mitchell v. Rees* (*Mitchell II*), 36 F. App'x 752 (6th Cir. 2002); *Mitchell v. Rees* (*Mitchell III*), 261 F. App'x 825 (6th Cir. 2008). For purposes of deciding this appeal, we need not recite the underlying facts or the full procedural history.

On March 10, 2009, Mitchell moved the district court for permission to amend (or resubmit) his prior motion for equitable relief in the form of an "independent action in equity," as provided for in Rule 60(d)(1), the Rule 60 savings-clause provision.  Such an action has no time limitation.  The district court stated that it would be "inclined to grant this amended motion for the reason stated in its prior ruling, but given the decision of the Sixth Circuit [in *Mitchell III*] and issuance of the mandate, [it] was bound by the Sixth Circuit's holding."  Thus, the district court reluctantly denied the motion but authorized Mitchell to pursue this appeal (*Mitchell IV*).[1]

## II.

Rule 60 of the Federal Rules of Civil Procedure provides for "Relief from a Judgment or Order" by motion (Part (b)) or by independent action (Part (d)).[2]  Part (d) is commonly referred to as Rule 60's "savings clause" and states:  "This rule does not limit a court's power to entertain an independent action to relieve a party from a judgment, order, or proceeding. . . ."  Fed. R. Civ. P. 60(d)(1).  Although such actions arise infrequently, we have had occasion to elaborate:

---

[1]Mitchell argues that "[b]ecause the [d]istrict [c]ourt misinterpreted this [c]ourt's mandate in *Mitchell III*, . . . [t]his [c]ourt should reverse and remand for the [d]istrict [c]ourt to consider Mitchell's request in the first instance." Petitioner's Br. at 11-12. The State replies that "the district court has plainly stated its inclination to grant relief" so "a remand would disserve the interests of both finality and judicial economy." Respondent's Br. at 13-14. Based on the record, the arguments presented on appeal, and the analysis that follows, a remand is unnecessary.

[2]Rule 60 was "restyled" in 2007 such that the former Part (b) has been separated into Parts (b), (c), (d), and (e). The language was not altered; the exact language of the current Part (d) was formerly contained in Part (b).

> At this point it will also be beneficial to clarify the nature of plaintiff's action. Plaintiff continually asserts that this is an independent action 'pursuant to Rule 60[(d)].' This is not entirely accurate. Rule 60[(d)] merely provides, in relevant part [that] '[t]his rule [i.e., Rule 60] does not limit the power of a court to entertain an independent action to relieve a party from a judgment, . . . or to set aside a judgment for fraud upon the court.' According to Wright and Miller, 'the reference to 'independent action' in the saving clause is to what had been historically known simply as an independent action in equity to obtain relief from a judgment.' 11 C. Wright & A. Miller, Federal Practice & Procedure § 2868, at 237-38 (1973).

*Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1262-63 (6th Cir. 1987). Nonetheless, "[w]here the adverse party is not prejudiced[,] an independent action for relief may be treated as a 60(b) motion, and conversely, a 60(b) motion may be treated as the institution of an independent action." *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 81 n.7 (5th Cir. 1970); *accord* 11 Wright, Miller & Kane, Federal Practice & Procedure § 2868 n.30, at 405 (1995).

Because this is an equitable action, we would ordinarily review the district court's decision for an abuse of discretion. *See Barrett*, 840 F.2d at 1263. In this case, however, the district court rested its decision on its perceived lack of discretion and never actually addressed the elements, limitations, or requirements of an independent action. The "indisputable elements" of an independent action are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Barrett*, 840 F.2d at 1263 (citing 11 C. Wright & A. Miller, Federal Practice & Procedure § 2868, at 238 (1973), and *National Surety Co. v. State Bank*, 120 F. 593, 599 (8th Cir. 1903)).

Moreover, an independent action is "available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998); *accord*

*Pickford v. Talbott*, 225 U.S. 651, 657 (1912) (available when enforcement of the judgment is "manifestly unconscionable"); *Barrett*, 840 F.2d. at 1263 ("Relief pursuant to the independent action is available only in cases 'of unusual and exceptional circumstances.'" (quoting *Rader v. Cliburn*, 476 F.2d 182, 184 (6th Cir. 1973))).  As other circuits have held, a "grave miscarriage of justice" is a "stringent" and "demanding" standard.  *Gottleib v. S.E.C.*, 310 F. App'x 424, 425 (2d Cir. 2009); *Wise v. Kastner*, 340 F. App'x 957, 959 (5th Cir. 2009).  Significantly, this is a habeas corpus case, and in that context, in order to establish that relief is required to prevent a grave miscarriage of justice, Mitchell must make a strong showing of actual innocence.  *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998) (holding that "avoiding a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence"); *see Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

Mitchell contends that this court's erroneous decision[3] in *Mitchell I* — in which we disallowed the evidence adduced from the district court's hearing on his *Batson* claim — constitutes "a grave miscarriage of justice" because:  (1) "the properly-held evidentiary hearing proves that he was convicted by a racially-tainted jury"; which (2) establishes a *Batson* (and/or *Strickland*) violation; which proves (3) that "he was denied relief even though his petition was, and is, meritorious"; which means (4) this court "le[ft] [him] without a remedy for the prosecutor's racism."  Petitioner's Br. at 17.  With this Rule 60(d)(1) motion, Mitchell has instituted an "independent action."  The State offers three arguments in reply:  Mitchell forfeited any right to this action by failing to pursue his claim for equitable relief in *Mitchell III*; this independent action is preempted by Rule 60(b)(1); or, the error upon which Mitchell bases this action (that he was denied the *Batson* hearing) does not amount to a "grave miscarriage of justice."  We address each in turn.

---

[3]It bears mention that, in light of *Cullen v. Pinholster*, 563 U.S. --, 131 S. Ct. 1388 (2011), that decision might not have been erroneous after all.  Admittedly, *Mitchell I* was pre-AEDPA whereas *Cullen*'s holding is based on AEDPA, § 2254(d)(1), but one might reasonably extend the *Cullen* analysis to the *Mitchell I* context.

**A.**

The State argues that Mitchell "should be deemed to have forfeited his right to assert an independent action in equity by abandoning his argument in the previous appeal to this [c]ourt," (i.e., *Mitchell III*). Respondent's Br. at 9. In the *Mitchell III* opinion, we noted:

> Before the district court, Mitchell argued that the district court's equitable powers over its own judgment derived from Article III of the Constitution and 28 U.S.C. § 2243 provided bases separate from Rule 60(b) for providing relief. Mitchell does not raise these arguments on appeal.

*Mitchell III*, 261 F. App'x at 828 n.2. But Mitchell was not obligated to raise those arguments.

The district court had granted Mitchell's Rule 60(b)(6) motion and granted him relief. It was the State that appealed. On appeal, Mitchell — as appellee — argued in support of the district court's Rule 60(b)(6) award. He was not obliged to pursue or maintain his alternative bases for affirmance and is not held to have abandoned this argument just because he did not do so. *Cf. Ortiz v. Jordan*, 562 U.S. --, 131 S. Ct. 884, 892 n.6 (2011).

**B.**

The State argues that "[t]he time limits of Rule 60(b) should not be subject to evasion through the simple expedient of characterizing the application for relief as an independent action instead of a motion," Respondent's Br. at 9, and cites *Beggerly*, 524 U.S. at 46, which says:

> If relief may be obtained through an independent action in a case such as this, where the most that may be charged against the Government is a failure to furnish relevant information that would at best form the basis for a Rule 60(b)(3) motion, [then] the strict 1-year time limit on such motions would be set at naught.

We have commented similarly in an unpublished opinion:

> As such [independent] actions are not time-limited, to allow them to proceed in cases covered under Fed. R. Civ. Pro. 60(b)(1), (2), and (3), which must be filed within one year of judgment, would eviscerate the time-limits.

*Buell v. Anderson*, 48 F. App'x 491, 498 (6th Cir. 2002) (citing *Beggerly*, 524 U.S. at 46).

But we have elsewhere held that expiration of the time limits is *a reason for* an independent action (assuming the bases for such action are satisfied). "Independent actions are reserved for circumstances which do not meet the requirements for a motion under Rule 60(b), as when the one year time limit for motions based on fraud has passed." *2300 Elm Hill Pike, Inc. v. Orlando Residence, Ltd.*, No. 97-6176, 1998 WL 808217, *2 (6th Cir., Nov. 16, 1998). Other courts have held similarly:

> From a perusal of the six reasons under Rule 60(b) for relief from a final judgment, we find that the relief sought by the plaintiff herein comes under 60(b)(1) relating to mistake, inadvertence, surprise, or excusable neglect. However, since Rule 60(b) further provides that such relief may be obtained no more than one year after the judgment complained of was rendered, plaintiff herein is precluded from proceeding under that part of the rule. Plaintiff is relegated, therefore, to an independent action seeking relief from the judgment, and he cannot prevail in such action except on the principles which the courts have historically applied to the independent action in equity to reform a judgment. Notes of Advisory Committee on Amendment to Rules, 1946.

*W. Va. Oil & Gas Co. v. George E. Breece Lumber Co.*, 213 F.2d 702, 705-06 (5th Cir. 1954) (internal citation omitted). And in a later case, a Fifth Circuit panel directly quoted the Advisory Committee Note that the prior panel had cited in the above passage:

> If the right to make a motion is lost by the expiration of the time limits fixed in these rules, the only procedural remedy is by a new or independent action to set aside a judgment upon those principles which have heretofore been applied in such an action.

*Bankers Mortg.*, 423 F.2d at 81 n.13 (quoting Advisory Committee Note of 1946 to Subdivision (b) of Rule 60, as reprinted in 6A Moore's Federal Practice § 60.01(8)); *see*

*also Gonzalez v. Sec'y for the Dep't of Corr.*, 366 F.3d 1253, 1291 (11th Cir. 2004) (en banc) (Tjoflat, J., specially concurring in part and dissenting in part) (quoting with approval *Bankers Mortg.*).

We hold that Mitchell can circumvent 60(b)(1)'s one-year time limit and pursue an independent action, so long as he can satisfy the other requirements for an independent action.

## C.

Finally, the State argues that this court's error in *Mitchell I* — i.e., disallowing the district court's evidentiary hearing on the *Batson* claim — was no more than an "ordinary legal error," fully anticipated by Rule 60(b)(1), and, therefore, not a "grave miscarriage of justice" that would warrant an independent action under Rule 60(d). Respondent's Br. at 12. We agree.

In *Beggerly*, the Supreme Court cited *Marshall v. Holmes*, 141 U.S. 589, 596 (1891) — a case in which a forged letter was used to obtain a default judgment — as an example of "a grave miscarriage of justice" sufficient to justify the independent action because the defendant was completely prevented, by fraud, from presenting any defense to the complaint. *Beggerly*, 524 U.S. at 47. In contrast, the Court found the circumstances of *Beggerly* itself, a quiet-title action, insufficient to establish "a grave miscarriage of justice" because the most that could be charged against the plaintiff (Government) was a failure to make a "full disclosure" of relevant information. *Id.*; *see also Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 335 (6th Cir. 2006) (collecting cases in which the circumstances "do not rise to the grave miscarriage of justice standard").

In the present case, Mitchell sought (and obtained) an evidentiary hearing on his *Batson* claim. On appeal, the State argued that the district court erred by ordering the hearing because Mitchell had not established any basis for disregarding the state court's findings. *Mitchell I*, 114 F.3d at 575. Mitchell countered that the State had waived this argument by failing to raise it to either the magistrate judge or the district court. *Id.*

This is not a case like *Marshall* in which the defendant was prevented (by fraud or otherwise) from defending his position. This is not even a case like *Beggerly* in which the defendant was not given full disclosure of the relevant information. Mitchell was fully apprised of the State's claim and argued capably in opposition. Despite Mitchell's argument, this court accepted the State's position, disallowed the evidence, and denied Mitchell's *Batson* claim on the merits. As noted, that decision was later deemed incorrect.

From the time-line below, it is evident that Mitchell had several opportunities prior to this independent action in which he could have attempted to remedy the error in *Mitchell I*.

| | |
|---|---|
| May 29, 1997 | *Mitchell I* finalized (rehearing en banc denied, cert. denied). |
| September 13, 2000 | *Abdur'Rahman v. Bell*, 226 F.3d 696, 705-06 (2000), refused to follow *Mitchell I*, asserting that it was incorrect. |
| January 28, 2002 | *Mitchell II* decided, denying Mitchell's claim of ineffective assistance of counsel (no discussion of *Abdur'Rahman*). |
| March 14, 2002 | The district court issued Mitchell's final judgment based on the directive in *Mitchell II* to deny habeas relief. |
| February 3, 2005 | Mitchell filed an application for a successive or second habeas petition (denied). No discussion of *Abdur'Rahman*. |
| July 28, 2005 | *Harries v. Bell*, 417 F.3d 631, 635 (2005), re-asserted that *Mitchell I* was incorrect, citing *Abdur'Rahman.* |
| December 9, 2005 | Mitchell filed a Rule 60(b)(6) motion for relief from judgment on the basis that *Abdur'Rahman* and *Harries* had overruled *Mitchell I* expressly and *Mitchell II* implicitly. |
| January 9, 2008 | *Mitchell III* held that Mitchell's Rule 60(b)(6) motion was actually a 60(b)(1) motion and, therefore, time barred. |

| March 10, 2009 | Mitchell moved for relief from judgment as provide for under Rule 60(d)(1), i.e., as an independent action in equity. |

Following *Mitchell I*, Mitchell moved for rehearing, rehearing en banc, certiorari, and rehearing of his petition for certiorari. He was unable to persuade this court or the Supreme Court that *Mitchell I* was incorrect. After issuance of *Abdur'Rahman*, Mitchell could have moved the district court for relief from the *Mitchell I* judgment under Rule 60(b)(1) (mistake). He did not. He could have raised *Abdur'Rahman*'s criticism of *Mitchell I* to this court in *Mitchell II*; he did not, and this court decided *Mitchell II* on the basis of *Mitchell I*. Consequently, Mitchell could have raised *Abdur'Rahman*'s criticism of *Mitchell I* in seeking rehearing or rehearing en banc in *Mitchell II*, or asserted it in his petition for certiorari. He did not. Mitchell could have raised this mistake of law to the district court in a Rule 60(b)(1) motion upon remand after our mandate in *Mitchell II* (as that decision was based on *Mitchell I*). Mitchell did none of these. Mitchell raised this issue (that *Mitchell I* was legally incorrect) for the first time in his Rule 60(b)(6) motion in December 2005; over three years after the *Mitchell II* mandate and over five years after issuance of *Abdur'Rahman*.

Mitchell cannot establish that this claim of error and the ensuing course of events subjected him to a "grave miscarriage of justice," *see Beggerly*, 524 U.S. at 47, that enforcement of the judgment would be "manifestly unconscionable," *see Pickford*, 225 U.S. at 657, or even that this is a case of "unusual and exceptional circumstances," *see Barrett*, 840 F.2d. at 1263. To be sure, Mitchell was the recipient of an adverse legal decision by this court, a decision that was later determined to be incorrect. But, as is the case with every party appearing before this court, Mitchell had avenues available by which he could have further challenged and sought to remedy that incorrect decision. The fact that Mitchell suffered an incorrect, adverse legal decision that was not remedied is regrettable, but it is not the equivalent of "actual innocence," which is a required element for an independent action for relief from a habeas judgment. *See Calderon*, 523 U.S. at 557-58. Nor, in the context of this case — where Mitchell failed to raise his claim at earlier available opportunities and where current Supreme Court case law now

mandates the same result as the incorrect decision — can Mitchell meet any other possible standard for relief embodied in the "stringent" and "demanding" standard of a "grave miscarriage of justice" in any context. *See Gottleib*, 310 F. App'x at 425; *Wise*, 340 F. App'x at 959.  Therefore, Mitchell cannot satisfy the threshold requirement for an independent action in equity.

## III.

Because the petitioner cannot demonstrate "a grave miscarriage of justice," we find that relief pursuant to this independent action is unavailable.  We **AFFIRM** the judgment of the district court.