**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2107
_____

OLANIYAN ADEFUMI,

                                        Appellant

v.

THE CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-09-cv-00586)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed: September 26, 2011)
_____

OPINION
_____

PER CURIAM.

        Olaniyan Adefumi appeals District Court orders dismissing his complaint

and denying his motion for reconsideration.  We will affirm.

        As the parties are familiar with the facts of this lawsuit (and Adefumi's two related

1

lawsuits), we will not recapitulate them here. Having reviewed the record,[1] we are satisfied that the District Court correctly granted the motion to dismiss in favor of the City of Philadelphia on the grounds of claim preclusion. See generally Adefumi v. City of Phila., No. 09-586, 2011 U.S. Dist. LEXIS 34238 (E.D. Pa. Mar. 29, 2011). To properly invoke claim preclusion, "the defendant must show there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies; and (3) a subsequent suit based on the same causes of action." Sheridan v. NGK Metals Corp., 609 F.3d 239, 260 (3d Cir. 2010) (internal quotations, citations omitted). We take "a broad view of what constitutes identity of causes of action," analyzing "(1) whether the acts complained of and the demand for relief are the same . . . ; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same . . . ; and (4) whether the material facts alleged are the same." United States v. Athlone Industries, Inc., 746 F.2d 977, 984 (3d Cir. 1984). Here, the "same claim" test is easily satisfied, as is the "final judgment on the merits" element.

With regard to privity, we requested that the parties brief the issue, and we are convinced by the appellee's argument that it and the Free Library should be construed

---

[1] "We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 [and] [w]e review a district court's grant of a motion to dismiss de novo." Beidleman v. Stroh Brewery Co., 182 F.3d 225, 229 (3d Cir. 1999). Denial of a motion for reconsideration is reviewed for abuse of discretion. See Confer v. Custom Engineering Co., 952 F.2d 41, 43 (3d Cir. 1991). To the extent that Adefumi's original complaint was, in actuality, a motion to reopen his first lawsuit under Federal Rule of Civil Procedure 60, we review the District Court's disposition for abuse of discretion. Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

as parties in privity for the purposes of claim preclusion.  Privity has "traditionally been understood as referring to the existence of a substantive legal relationship, such as by contract, from which it was deemed appropriate to bind one of the contracting parties to the results of the other party's participation in litigation."  Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 311 (3d Cir. 2009).  The multiple connections between the City of Philadelphia and its Free Library fall within the traditional definition of privity; for example, the primary budgeting source for the Free Library is city funds,[2] and the Board of Trustees of the Free Library is governed by the City's home-rule charter.  See 351 Pa. Code §§ 3.3-802, 4.4-800.  In the present case, this alignment of interests suggests that a judgment in favor of one party should preclude a renewed suit arising from the same facts against the other.

Finally, should Adefumi's complaint be read as attempting to reopen his first case through the use of Federal Rule of Civil Procedure 60, we agree with the District Court that relief under 60(b)(2)–(3) is time-barred, see Fed. R. Civ. P. 60(c)(1); with regard to 60(b)(6), Adefumi has not shown the "extraordinary circumstances" that would justify granting a 60(b)(6) motion, if such relief were available.  Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).  Nor is Rule 60(d) an option, as there is no evident "grave miscarriage of justice," see Mitchell v. Rees, ___ F.3d ___, 2011 U.S. App. LEXIS 13309, at *4–6 (6th Cir. 2011, No. 09-5570), or fraud on the court.

---

[2] See, e.g., Free Library of Phila. Annual Report, 2008 Fiscal Year 10 (2008), *available at* http://www.freelibrary.org/annualreport/annualreport08/annualreport2008.pdf.

In sum, the District Court correctly decided this case, and therefore did not abuse its discretion in declining to reconsider the outcome. We will affirm its orders.