DLD-004                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 11-3236 & 11-3237
_____

GEORGE E. JOHNSON,
                                                    Appellant

v.

PHILADELPHIA HOUSING AUTHORITY;
MICHAEL P. KELLY, Executive Director, In Their Individual As Well As Their Official
Capacity
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-11-cv-04572)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 6, 2011

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: October 17, 2011)
_____

OPINION
_____

PER CURIAM

        George Johnson appeals orders dismissing his complaint, denying his motion to

add additional defendants, and denying his motions for reconsideration and relief from

judgment. We will affirm.

Johnson was involved in an administrative proceeding in front of the Philadelphia Housing Authority ("PHA"), whose decision he appealed to the Court of Common Pleas of Philadelphia County ("Philadelphia Court").[1] Commencing in August of 2010, the appeal from the PHA was denied in June of 2011. Johnson then filed a pro se federal civil rights complaint in the United States District Court for the Eastern District of Pennsylvania, charging the defendants—the PHA and its executive director, Michael P. Kelly—with perpetrating "fraud upon the court," to which he attributed a series of adverse procedural rulings and an alleged failure by the Philadelphia Court prothonotary to send him a briefing schedule. The defendants' malfeasance, he claimed, had the effect of "denying [him] equal protection of the laws . . . [and] the due process guaranteed by the 14th Amendment to the [C]onstitution of the United [S]tates."

The District Court granted Johnson in forma pauperis status and, before the complaint was served, sua sponte dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B), explaining that "th[e] Court does not have subject matter jurisdiction to

---

[1] See 2 Pa. Cons. Stat. § 752 ("Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals."); 42 Pa. Cons. Stat. § 933(a)(3) (granting jurisdiction to the Court of Common Pleas over appeals from non-Commonwealth government agencies); James J. Gory Mech. Contr. v. Phila. Hous. Auth., 855 A.2d 669, 676 (Pa. 2004) (reaffirming the PHA's status as a local agency for most purposes).

2

review a State Court decision under the Rooker-Feldman[2] doctrine." In a "sincere effort . . . to remedy the objection of the court," Johnson then filed a motion seeking leave to add the United States Department of Housing and Urban Development ("HUD") as a defendant, on the theory that defendant Kelly was, in actuality, an employee of HUD. Johnson also moved for reconsideration and, separately, relief from the judgment. These motions were not granted; Johnson separately and timely appealed the orders denying relief.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal under § 1915(e)(2)(B) is plenary, and we must accept as true the allegations of fact established in the complaint along with reasonable inferences drawn from those allegations. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We also conduct de novo review of subject-matter-jurisdiction determinations in general and the application of the Rooker-Feldman doctrine in particular. See Lightfoot v. United States, 564 F.3d 625, 626 (3d Cir. 2009); Turner v. Crawford Square Apts. III, L.P., 449 F.3d 542, 547 (3d Cir. 2006). If "no substantial question is presented" by the appeal, we may summarily affirm on any ground supported by the record. See LAR 27.4; I.O.P. 10.6; United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Under the Rooker-Feldman doctrine, a losing state-court party is "barred from

---

[2] D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

seeking what in substance would be appellate review of the state judgment in a United States district court, based on [a] claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994). "[T]here are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (internal citations, quotations, and alterations omitted). We agree with the District Court that a plausible reading of Johnson's complaint calls into question the validity of the Philadelphia Court's judgment, implicating all four of the Great Western factors. To that extent, Johnson's complaint is barred by Rooker-Feldman.

Yet Johnson argues vehemently that he does not intend to contest the outcome in the Philadelphia Court; it is not the *result* that matters, he maintains, but rather the "unacceptable manner in which the judgment was [ob]tained." The defendants' fraud upon the court, in depriving him of equal protection and due process, served as an independent constitutional injury. Such a reading of the complaint is not implausible. We note, for instance, that Johnson sought damages, and *not* the abrogation of the Philadelphia-Court judgment—in other words, Johnson does not ask us to craft a favorable resolution to his matter before the PHA. Under Great Western, such a claim for relief may not run afoul of Rooker-Feldman. See Great Western, 615 F.3d at 173

4

(holding that, when the plaintiff claimed that the defendants violated its right to an impartial forum, such an injury could be cleaved from the later state-court outcome).

Even if Johnson's complaint were to survive Rooker-Feldman scrutiny, however, it is fatally flawed in other ways. First, with regard to equal protection, Johnson has not pleaded that he was treated differently from any similarly situated person or group. See Williams v. Morton, 343 F.3d 212, 221 (3d Cir. 2003). Second and more essentially, Johnson claims that the adverse decisions by the Philadelphia Court were the product of the defendants' ongoing fraud. Yet he provides not a single fact in support of this assertion, and under recent Supreme Court and Circuit precedent, a complaint that tenders "naked assertion[s]" devoid of "further factual enhancement" will not survive dismissal; rather, "a [successful] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557, 570 (2007)); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). Nor does the principal error about which Johnson complains, the alleged failure of the Philadelphia Court to send him a briefing schedule, itself suggest a fundamental failing that would violate due process. "The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases," Marshall v. Jerrico, Inc., 446 U.S. 238, 242 (1980), and nothing in the prothonotary's alleged error would itself call the impartiality of the Philadelphia Court into question. And we observe that at least one of the other procedural "errors" was, as Johnson admitted, a product of his own

5

misunderstanding of the appellate process: he could not file a request for discovery while on appeal from an agency determination.

In his submissions on appeal, Johnson suggests that 28 U.S.C. § 1915(e)(2)(B) is a tool "that is vulnerable to exploitation by the unscrupulous," and he implies that both we and the District Court are being manipulated by the defendants to ensure that they "will never even have to respond to the initial complaint." Johnson misunderstands the purpose of § 1915(e)(2)(B). As the defendants were not served below, they were not involved in the District Court's decision to dismiss the suit. Rather, the Court independently identified a flaw in the complaint that, in its view, rendered service (and response by the defendants) pointless. Likewise, the defendants have not participated in the current appeals. We can assure Johnson that we are not under their sway.[3]

In sum, we will affirm the judgment of the District Court. We further determine that the District Court did not abuse its discretion in denying Johnson's motions for reconsideration, see United States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010), and for relief from judgment, see Mitchell v. Rees, No. 09-5570, ___ F.3d ___, 2011 U.S. App. LEXIS 13309, at *4–6 (6th Cir. 2011); Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). Lastly, as amendment of the complaint would have been futile, the District Court did not err in denying Johnson leave to amend. Grayson v. Mayview State

---

[3] Johnson also wonders "[w]hat ever [*sic*] happened to the right to confrontation and cross-examination." The Sixth Amendment confrontation guarantee applies only to "criminal prosecutions" by the plain language of the Amendment. See Hannah v. Larche, 363 U.S. 420, 440 (1960).

Hosp., 293 F.3d 103, 114 (3d Cir. 2002).