**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4306
_____

GEORGE E. JOHNSON, JR,
                                    Appellant

v.

PHILADELPHIA HOUSING AUTHORITY; MICHAEL P. KELLY, Executive Director
in their individual as well as their official capacity
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-11-cv-04572)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 13, 2017
Before:  SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 14, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

George Johnson, Jr., proceeding pro se, appeals from the District Court's order denying his motion to reopen his case pursuant to Federal Rule of Civil Procedure 60(b). For the following reasons, we will affirm.

Johnson was involved in an administrative proceeding before the Philadelphia Housing Authority, after which he filed a pro se complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania against the Philadelphia Housing Authority and its Executive Director. Johnson charged the defendants with perpetrating "fraud upon the court" that resulted in a series of adverse procedural rulings and failures by the Philadelphia Court of Common Pleas prothonotary. The District Court granted Johnson in forma pauperis status and, before the complaint was served, <u>sua</u> <u>sponte</u> dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B), as it determined that it lacked subject matter jurisdiction pursuant to the <u>Rooker</u>-<u>Feldman</u> doctrine. Johnson then filed a motion seeking leave to add the United States Department of Housing and Urban Development as a defendant, as well motions for reconsideration and relief from the judgment. These motions were denied and we affirmed the District Court's orders. <u>Johnson v. Philadelphia Hous. Auth.</u>, 448 F. App'x 190, 191 (3d Cir. 2011).

Five years after the District Court entered judgment, Johnson filed a motion pursuant to Federal Rule of Civil Procedure 60(b), alleging that the judgment was void due to fraud. The District Court denied the motion. Johnson appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review Rule 60(b) dismissals, other than those under Rule 60(b)(4), for abuse of discretion; for Rule

2

60(b)(4) dismissals, our review is plenary. Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008). "A district court abuses its discretion when it bases its decision upon a clearly erroneous finding of fact, an erroneous conclusion of law, or an improper application of law to fact." Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014) (citing Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999)).

A motion for relief from judgment based on fraud must be filed not more than one year after the judgment was entered. Fed. R. Civ. P. 60(c)(1). A Rule 60(b)(6) motion must be brought within a reasonable time. Id. Johnson alleged that the defendants colluded with the docket clerk in the District Court to avoid entering their appearance and responding to Johnson's complaint. Johnson claimed that the District Court's judgment entered in 2011 is therefore void. It is difficult to discern what Johnson asserts occurred between the docket clerk and the defendants, but to the extent he complained of fraud, his motion is untimely as it was brought over five years after judgment was entered. To the extent Johnson's motion is brought under Rule 60(b)(6), the motion was not brought within a reasonable time because Johnson was aware of the factual basis for his claim in 2011. See, e.g., Moolenaar v. Gov't of the V.I., 822 F.2d 1342, 1348 (3d Cir. 1987) (Rule 60(b)(6) motion filed almost two years after judgment was not made within a reasonable time). In sum, we perceive no abuse of discretion in the District Court's denial of Johnson's motion as untimely to the extent the motion was brought pursuant to Rules 60(b)(3) and 60(b)(6).

Nor did the District Court err in determining that the motion was meritless. The District Court determined that Johnson had failed to explain the basis for his fraud

3

allegation. We agree. While Johnson contended that there was a conspiracy between the defendants and the clerk, he presented no evidence of this. In his brief, Johnson argues that a District Court order was not signed and that this supports his allegation of a conspiracy; however, our review of the order in question reveals that the order was electronically signed by the District Judge. Johnson also claimed that the clerk's failure to serve the defendants is evidence of their collusion. As we discussed in our prior opinion, the Court independently identified a flaw in the complaint that, in its view, rendered service (and response by the defendants) pointless. Therefore, relief from judgment under Rules 60(b)(3) or 60(b)(6) would not be warranted.

Finally, the District Court did not err in denying Johnson's motion to the extent he asserted that the judgment was void under Rule 60(b)(4). Johnson argued that the judgment was void because the defendants had defaulted in the state court proceedings and because the defendants failed to enter an appearance in the District Court. Again, the defendants were not required to enter their appearance as the District Court sua sponte dismissed Johnson's complaint. Additionally, Johnson's claim that the underlying state court judgment is void, even if it were true, does not provide a basis to conclude that the District Court's judgment is void.

In his brief, Johnson also argues that the defendants defaulted in the District Court by failing to respond to his original complaint. This issue concerns rulings related to his original civil action, but an appeal from the denial of Rule 60(b) relief does not bring up the underlying judgment for review unless it is timely filed and tolls the time for appeal under Rule 4(a)(4). See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 161

4

n.3 (3d Cir. 2004); Fed. R. App. P. 4(a)(4)(A)(vi). Johnson's motion was filed five years after the entry of judgment and clearly did not toll the time for appeal.

Accordingly, we will affirm the order of the District Court.